### Gentry v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Monroe Circuit Court.

1. Criminal Law—Defendant Voluntarily Appearing and Testifying Before Grand Jury at Term Succeeding that at which he was Indicted Held Not Entitled to Immunity from Prosecution (Acts Ky. 1922, c. 33, Section 6; Constitution U. S. Amend. 5; Constitu-

tion Ky., Section 11).—Where defendant, indicted by grand jury
at August term of circuit court for violations of Prohibition Act
(Acts Ky. 1922, c. 33), did not appear before grand jury at that
term though summoned, but did voluntarily appear before grand
jury at December term and made disclosures incriminating him-
self, held, in prosecution under indictment returned at August
term, he was not entitled to immunity under Prohibition Act (Acts
Ky. 1922, c. 33), section 6, or Constitution U. S. Amend. 5, or Con-
stitution Ky., section 11.

2.   Criminal Law.—Constitution U. S. Amend. 5, and Constitution
Ky., section 11, protect only against compulsory self-incrimination
and not against voluntary self-incrimination.

3.   Witnesses.—Defendant offering himself as witness may be cross-
examined as any other witness as to relevant facts concerning
which he may be interrogated.

B. F. DENHAM and SAM ROBINSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appel-
lant of having intoxicating liquor in his possession.

The facts are these: At the August, 1925, term of the
Monroe circuit court the grand jury indicted appellant
for several violations of the Prohibition Act. At the
December term the Commonwealth elected to try appel-
lant for having intoxicating liquor in his possession, and
he was convicted of that offense. It developed on the
trial that appellant had some whiskey in his possession
a short time before the August term of the court, and
that he was summoned to appear before the grand jury
at that term. For some reason not disclosed he failed
to appear. Shortly before the December term he spoke
to the sheriff of the county about going before the grand
jury at the December term and about having been sum-
moned to appear before the grand jury at the August
term. The sheriff told him that he had better go before
the December grand jury. Without being summoned
anew he voluntarily presented himself before the grand
jury at the December term. He was then sworn, and, on
being asked if he knew what was wanted with him, said
that he supposed they wanted him to tell about some
whiskey at the primary election in the past August. He
was then questioned by the grand jury, and told about

having the whiskey, where he got it and what he did with it.

Section 6, chapter 33, Acts 1922, is as follows:

"No witness before a grand jury, court of inquiry, or on a trial for any violation of this act, shall be permitted to refuse to answer any question because the answer will incriminate himself, but his evidence shall not be used against him in any subsequent proceedings, and such witness shall not be prosecuted for any offense disclosed in such testimony."

In addition to other instructions not material the court gave the following instruction:

"No. 4. If you believe from the evidence beyond a reasonable doubt that the manner in which deft. got before the grand jury to tell about where he obtained this liquor was a trick, device or subterfuge resorted to by defendant in order to defeat the indictment pending against him you will find him guilty; but if you believe he went before the jury in good faith thinking it was his duty to so go and tell where he obtained said liquor, you will find defendant not guilty.

Appellant contends that under the statute he was immune from punishment, and that the court erred in not directing his acquittal. No principle of law is more firmly imbedded in our jurisprudence than that self-incrimination may not be enforced. The language of the federal Constitution is "Nor shall he be compelled in any criminal case to be a witness against himself," United States Constitution Amend. article 5, while the Constitution of Kentucky, section 11, provides: "He (the accused) can not be compelled to give evidence against himself." It is apparent, therefore, that the protection is against compulsory self-incrimination and not against voluntary self-incrimination. For instance, the accused may decline to testify on his trial, but if he voluntarily offers himself as a witness he may be cross-examined as any other witness as to any relevant facts concerning which he may be interrogated. Saylor v. Commonwealth, 97 Ky. 184, 30 S. W. 390. Chamberlayne, The Modern Law of Evidence, vol. 5, section 3739. The purpose of the statute was to grant immunity and thereby enable the Commonwealth

to compel the witness to testify concerning liquor violations, even though his testimony would incriminate him. If in this case appellant had been summoned or asked by the grand jury to appear and testify concerning the transactions in question, a different case would be presented. As a matter of fact appellant was already under indictment. Without being summoned or asked to appear he voluntarily presented himself before the grand jury and gave evidence tending to show his guilt. In the circumstances he was not entitled to immunity under the statute. Any other view would put it in the power of every one charged with a violation of the liquor laws to escape punishment by voluntarily appearing before a subsequent grand jury and testifying to his own guilt. It follows that appellant's motion for a peremptory instruction should not have been sustained, and that the instruction given by the trial court was more favorable than he was entitled to.

Judgment affirmed.