## Payne v. Commonwealth.

(Decided Nov. 21, 1933.)

E. J. BURTON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is brought by Steve Payne, colored, from a judgment sentencing him to death for the murder of his wife in July, 1932. There had been recent

domestic troubles and the wife had left him and gone to the home of her mother, Grace Dugan, in Jefferson county. Payne had mistreated his wife, and a few days before he killed her had been presented in court for the purpose of having him put under bond to keep the peace, but it appears that he was let go with the admonition to stay away from his wife. On Sunday morning following, while she and her mother were walking on the Bardstown road, going to their place of work near Fern Creek, the defendant met them and said, "Here we are; right here we will die." Taking a pistol from a cigar box he fired on the two women. He first shot the mother in the arm. His wife ran into a nearby yard and he followed her. They grappled on the porch of the residence and she broke loose and started to run when he shot at her several times. After she had fallen, apparently dead, he started away, but stopped at the gate and turned and shot into her prostrate body. The woman had been shot in the back, the front, and the side. Payne went a short distance and shot himself, but inflicted only slight wounds. In surrendering to a citizen, whom he knew well, he stated with an oath that he had told them "he would get them and I have got them both."

The defendant testified that the mother-in-law had caused trouble between his wife and himself and he was anxious to become reconciled. When he met with them on the Sunday morning, the mother-in-law cut him, although he admitted that he did not see any knife or other weapon in her hands. He shot at her in self-defense, and his wife came between them. Thinking she had been wounded he followed her into the yard in order to render aid. He denied having fired at her then and there, which is in direct contradiction of a number of witnesses.

In answer to his counsel's interrogation, the defendant testified that he had never been arrested nor in any serious trouble before. A number of white citizens in the county where he lived testified that he was regarded as peaceable and a good worker and, in a degree, that he bore a good reputation.

The only complaint made on the appeal is that the attorney for the commonwealth was guilty of misconduct by asking numerous questions on the defendant's

cross-examination regarding various arrests. Also that error was committed in permitting police officers to testify in rebuttal concerning them. After referring to his statement that he had never been in any trouble or arrested, the defendant was asked rather vigorously if he had not been arrested upon other occasions for disorderly conduct and had been put under a peace bond a week before the killing. Some of the arrests were admitted and others denied. The defendant suggested that it may have been another Steve Payne who had been arrested on some of the occasions specifically mentioned. It was to identify this defendant as the man that the police officers were called in rebuttal.

Giving to the appellant the benefit of the doubt as to whether the few objections to this line of testimony were sufficient to cover all of this evidence, his point is unavailing. Evidence that he had been arrested a few days before on account of mistreating his wife and had been put under bond to keep the peace, even though it was without surety, was competent on the matter of motive. As to the other occasions, it is not to be overlooked that the defendant, on his direct examination, undertook to establish his good conduct and reputation for peace and quiet by his voluntary statement. Having opened up the matter of his good behavior, it was proper for the commonwealth to cross-examine him upon the point, and in doing so to ask concerning specific instances. This is not a case where the accused was required to disclose public offenses committed by him other than that for which he is on trial, which disclosures are condemned as is shown by section 1807, Roberson's Criminal Law. It is a case where the accused voluntarily invited inquiry. He had said that he had never been in any trouble before. The commonwealth was not obliged to let that pass unchallenged without cross-examining him and testing his credibility on that point. When the accused voluntarily testifies in his own behalf he accepts the usual responsibility of every witness and may be cross-examined as any other witness may be as to relevant facts concerning which he has testified. French v. Commonwealth, 211 Ky. 288, 277 S. W. 265; Gentry v. Commonwealth, 215 Ky. 728, 286 S. W. 1040. Of particular application is Taylor v. Commonwealth, 18 S. W. 852, 13 Ky. Law Rep. 860. We quote from the opinion:

"After the appellant had been examined by his counsel, and told to take his seat, he took occasion to say to the jury that he was a peaceable citizen, and had no idea of shooting the witness. The attorney for the state then asked him if he had not had trouble with many of his neighbors, naming them, to which his counsel objected, but the witness answered, 'Yes;' the court not excluding the testimony or sustaining the objection to the question. While this mode of cross-examination was improper, the appellant had placed his character in issue as a peaceable, inoffensive man, and un lertook to impress the jury, by this speech to them ; the conclusion of his testimony, and the effect of the cross-examination did not, we think, control the finding or induce the verdict."

We do not regard the examination as having gone further than was proper.

Nothing is found in the record that indicates the defendant did not have a fair trial. The proof clearly establishes his guilt of a cold-blooded murder, and under the law the jury was authorized to declare him deserving of the extreme penalty.

Judgment affirmed.

Whole court sitting.