## Waters v. Commonwealth.

Jan. 13, 1939.

316

OLLIE JAMES COHEN and I. ARNOLD WAXMAN for appellant.

HUBERT' MEREDITH, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Appellant, Willie Waters, was convicted of the willful murder of his wife, Ella Waters, on a trial in the Jefferson Circuit Court and received a sentence of death. From that judgment he prosecutes this appeal, insisting that the judgment should be reversed on account of errors of the trial court as follows: (1) That the court erred in not continuing the case when it was called for trial, (2) error in the admission of incompetent evidence, (3) that the verdict is contrary to the law and evidence, and (4) that the court erred in refusing to grant a new trial on the ground of newly discovered evidence.

(1) This killing took place on January 10, 1938. Appellant was indicted on February 18 and on February 21 was arraigned and remanded to jail, his trial being set for March 9. Approximately ten days before the trial, the court appointed Ollie James Cohen to represent the defendant and, at the request of Mr. Cohen, it also appointed Martin L. Mayland to assist in the defense. When the case was called for trial, Mr. Mayland, it seems, was in the courtroom but left for some reason or other. No motion was made for a

continuance on account of his absence, although an affidavit of Mr. Cohen filed in support of a motion for a new trial states that he informed the court that he desired the presence of Mr. Mayland. It appears from other affidavits in the record that Mr. Mayland was called but, for some reason not appearing in the record, he did not attend the trial. His affidavit states that "some sudden and unexpected occurrence had prevented the affiant from attending the trial." The court, on failure of Mr. Mayland to attend, appointed I. Arnold Waxman to assist Mr. Cohen on the trial and the trial proceeded, no motion being made at any time for a continuance and, as far as the record shows, not even an oral request was made for a postponement of the trial.

As there was no motion for a continuance, and as we are unable to find from examination of the record anything indicating that the substantial rights of the appellant were prejudiced by the failure of Mr. Mayland to attend and take part in the trial, we are unable to say that the court committed any error in permitting the trial to proceed. Only a few witnesses testified in the case, their testimony was very brief and on a very simple issue, and the attorneys who represented him seem to have done so about as well as could have been done under the circumstances of the case proven against appellant. It is not error to refuse a continuance on account of the absence of one of several attorneys where there is nothing in the record to show any material advantage the presence of absent counsel would have been. Cornett v. Combs, 53 S. W. 32, 21 Ky. Law Rep. 837; Douglas v. Douglas, 74 S. W. 233, 24 Ky. Law Rep. 2398. We are, therefore, of the opinion that the court committed no error in proceeding with this trial.

(2) Appellant complains that the court erred in permitting the introduction in evidence of a photograph of deceased taken the day following the killing, his theory being that the introduction of this photograph served no evidential purpose but was done for the purpose of inflaming the jury. We see nothing in the photograph calculated to have any undue effect on the jury. There is nothing sensational or shocking about it and to all appearances the deceased looked like a sleeping woman with the upper part of her body exposed. The photograph showed one of the wounds inflicted on deceased by the appellant, this wound being in the upper part of

the right arm, the evidence showing that the knife or dagger used by appellant was found broken off in the wound. The photograph was pertinent to the issue as showing the location of one of the wounds, and there was nothing revolting about it calculated to inflame the jury. In the case of Cox v. Comonwealth, 215 Ky. 585, 286 S. W. 689, the introduction of a photograph of deceased taken before his death was held not to be a prejudicial error. In Davidson v. Commonwealth, 261 Ky. 158, 87 S. W. (2d) 119, the court held that a person injured by the accused was properly permitted to exhibit his wound to the jury for the aid it might give the jury in determining the range of the shot and the relative positions of the two men; and in McElwaine v. Commonwealth, 154 Ky. 242, 157 S. W. 6, this court approved the introduction in evidence of pieces of skull of the deceased. As a wound may be exhibited to the jury and as parts of the body of the deceased may be introduced in evidence where such testimony is relevant, we see no error in permitting the introduction of a photograph of the deceased showing the location of a wound. The location of this wound, although it was not the direct cause of the deceased's death, had some relevancy on the question of the position of the parties at the time of the killing as illustrating a probable lack of aggression on the part of the deceased. The trial court committed no error in admitting the photograph in evidence.

The contention is also made that the court erred in permitting Gus Heiken, a witness for the Commonwealth, to state that he was a State Parole and Probation officer, the contention being that this made it apparent to the jury that appellant had theretofore been convicted of a felony. This witness testified with reference to a conversation between him and appellant concerning the deceased. We find nothing whatever in the record remotely indicating that there was any such purpose on the part of the Commonwealth disclosed by the mere asking of this man's occupation. It is always competent for a jury to know a man's occupation or profession, as this furnishes some light to the jury in estimating the weight to be given to his testimony. No mention was made anywhere in the record by any witness or by anyone connected with the trial that the defendant had been previously convicted and we are un-

able to see how the mere fact of permitting the witness to testify that he was a Parole and Probation officer would justify the jury in jumping to the conclusion that appellant had been previously convicted of a felony.

Appellant further claims that the court erred in permitting the Commonwealth to prove that about ten days before the killing the deceased swore out a peace warrant for the defendant and that pursuant to this peace warrant he was placed under bond of $500 to keep the peace for six months. It is insisted that this is equivalent to permitting the Commonwealth to show that appellant's reputation for peace and quiet was bad, although he had not placed his character in issue.

There is no doubt as to the correctness of appellant's contention that admission of substantive testimony as to defendant's bad reputation for peace and quiet where he has not attempted to prove that it is good is erroneous. Strong v. Commonwealth, 216 Ky. 98, 287 S. W. 235. Appellant is also correct in his contention that in a prosecution for murder evidence of his conviction of a misdemeanor is incompetent. Warren v. Commonwealth, 222 Ky. 460, 1 S. W. (2d) 774.

Those authorities are not controlling here, however, because it was clearly competent for the Commonwealth to prove that the deceased had taken steps to have a peace warrant issued against the accused as bearing on the question of motive. The fact that the deceased had this peace warrant taken out and the defendant bound over to keep the peace was necessarily competent and relevant testimony as showing the likelihood of the defendant harboring resentment against the deceased by reason thereof, thereby establishing a motive on his part for the killing. In the case of State v. Senn, 32 S. C. 392, 11 S. E. 292, it was held that the procuring of such a warrant and the details or merits of it tended to show the relation existing between the defendant and his wife and was therefore germane to the issue and receivable in evidence. The precise question was decided in this State in the case of Payne v. Commonwealth, 251 Ky. 776, 64 S. W. (2d) 888, where the defendant was convicted of murdering his wife, the court saying [page 889]:

"Evidence that he had been arrested a few days before on account of mistreating his wife and had

been put under bond to keep the peace, even though it was without surety, was competent on the matter of motive."

We are of the opinion, therefore, that no error was committed by the trial court in admitting this evidence.

Appellant's contention that the verdict is flagrantly against the evidence is entitled to but scant consideration. The evidence shows that about 5:30 P. M. on January 10, the appellant came to the home of his wife, from whom he had been separated for some time. She lived upstairs and another colored woman, Edith Stratton, lived downstairs. He went into the room of this woman without knocking, demanding to know if his wife was there, and was told that she was not there, this woman apparently realizing that appellant was present for the purpose of making trouble. Appellant left the room of this woman but, not being satisfied with her answer, came back and looked behind the door and then went out calling for his wife, who was upstairs. His wife, not realizing who it was, answered the call. He then went to the stairway leading to his wife's room, at the foot of which stairway was a locked door, and proceeded to break the lock on this door. As he started up the stairway his wife cried out, "Oh, you Jew-baby, what do you want?" He responded, "I come to kill," and as he entered her room she began to holler and scream, "Don't kill me, don't kill me," but he immediately proceeded to stab her to death. She was unarmed and apparently was unable to put up any effective resistance. Immediately after stabbing her to death, appellant ran back down the stairway and out of the house. None of the testimony for the Commonwealth was denied and it shows nothing less than a cold-blooded, premeditated murder. Appellant plainly went to his wife's home for the purpose of killing her and proceeded to do so immediately on his arrival there, without any provocation or altercation of any kind occurring after he reached the house. The mere recital of this evidence makes it apparent that there is no merit whatever in this contention.

(4) Appellant's complaint that the court should have granted a new trial on the grounds of newly discovered evidence is equally without merit. In support of this motion, appellant filed the affidavit of a colored woman, Pearl Beard, which states that on Christmas

night previous to the killing she saw the deceased shoot at appellant three times.

On the trial of the case, appellant introduced one witness who testified that ''a little after Christmas the deceased shot at appellant,'' although it is not said how many times she shot. The two instances are undoubtedly the same, although one witness puts it on Christmas night and the other ''a little after Christmas,'' and, therefore, this evidence is merely cumulative with the evidence introduced by the defendant. Even though it were a different instance, such evidence would not be sufficient to authorize the granting of a new trial. It is certain that her shooting at appellant three weeks before did not justify him in, or provoke him to, seeking out the deceased, breaking down her door, entering her room and stabbing her to death, and could have little, if any, influence on the jury. The same character of evidence, uncontradicted by the Commonwealth, had no effect. Granting a new trial on newly discovered evidence of this character would set a precedent which, if followed, would result in most convictions being set aside. A new trial should be granted on this ground only where the evidence is of such decisive character as to render a different result reasonably certain. Sessmer v. Commonwealth, 273 Ky. 40, 115 S. W. (2d) 337. The evidence here offered is not of that type.

All the circumstances of this case conduce to show that there was no possible justification or excuse for this killing and that it was premeditated, cold-blooded murder on appellant's part for which he must pay the extreme penalty of the law. We are unable to find anything in the record indicating that he did not have a fair and impartial trial.

Wherefore, the judgment is affirmed.

The whole court sitting.