## Gulley v. Commonwealth.

Oct. 15, 1940.

Ward Yager, Judge.

Frank C. Greene, H. K. Northcutt and John Coomes for appellant.

Hubert Meredith, Attorney General, and L. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, John Gulley, was convicted of manslaughter and sentenced to 19 years' imprisonment for killing J. K. Stafford on March 11, 1939. A few years previously he had bought a small house and lot from Stafford upon which he erected a blacksmith shop close to the residence. According to the evidence introduced by the defendant, Stafford had done many things to aggravate and antagonize Gulley. The killing was the culmination of this situation and a previous difficulty. The deceased was on his own side of a wire fence and the defendant at his shop. The evidence of the commonwealth tended to show an unjustified homicide while that of defendant established self-defense and insanity.

The defendant's motion for a change of venue from Owen County was based upon the primary ground that the deceased had many relatives in the county and was a man of large influence while the accused and all his people were very poor and uninfluential. The commonwealth introduced many witnesses to show that the defendant could obtain a fair jury. The defendant's brother alone expressed the opinion that he could not, basing it upon the connections of the deceased in the county and what he had heard and overheard on the street of Owenton. It is argued that this discrepancy and the defendant's inability to obtain witnesses to support his claim is evidence of an adverse environment and proof that he had no chance to get a fair jury. Although the brother testified that such was common talk among the people, it appears that little or no effort was made to procure other testimony to that effect or to have those who had expressed such opinion to testify. Except where it appears there was an abuse of judicial discretion, the decision of the trial court on a motion for a change of venue is always followed. The evidence here fully sustained the ruling denying a change of venue.

In August, 1920, Gulley was committed to a state asylum for the insane after an inquest in the Nelson circuit court. In November, 1921, he was paroled or released into the custody of his brother. There was much evidence tending to show the man was subject to periods of violent insanity thereafter, especially when excited or provoked. Medical testimony, based upon observation, was that he was insane and had been all the time. The commonwealth's evidence tended to show only violent outbursts of temper. Threats had been made by the de-

fendant against the deceased, coupled with the expressed idea that he could plead insanity and escape punishment. The court properly admitted in evidence the record of the inquest held in Nelson County. He rejected a letter written to the superintendent of the asylum by Judge Wallace Brown, County Judge, who had presided in the absence of the circuit judge, in which, because of the unusual character of the case, he had gone into detail as to the evidence pertaining to the violent nature of the man heard at the inquest and otherwise. On the trial of this case Judge Brown testified to certain acts of Gulley done during the inquest. It being disclosed that he had no personal knowledge of other things referred to in the letter, the court refused to permit the introduction or reading of that communication. This was a proper ruling, for the letter was no part of the official record and was pure hearsay.

The defendant introduced the record of another inquest into his sanity held in Nelson County on July 1, 1920, in which he was adjudged to be of sound mind. As a part of it there was read an appendix in the form of questions and answers containing a brief history of the respondent's life, family, symptoms and possible causes for his condition. Included therein were statements that Gulley had been overheated twelve years previously which made his mental condition worse than before; that he had an uncle and some cousins who were insane; and that he had had hallucinations of people hiding to harm him. On motion of the Commonwealth's attorney, the court admonished the jury not to consider this history. The history disclosed and recorded at the later inquest had been admitted without objection. The material difference was that it did not recite that there was insanity in the subject's family. In other respects the history more clearly showed an insane mind. The statement is that which is required by Section 216aa-87, Statutes, to be made by the presiding judge and sent with the record to the superintendent of the institution to which the person is committed. It is but an epitome of the material evidence and what it establishes for the use and benefit of the institution. It is not a part of the judgment, and is no more competent on the trial of a criminal charge than would be the introduction of a stenographer's transcript of evidence heard at the inquest or on some other trial certified by the presiding judge. In the instant case the incompetency is accentuated by the fact that in

that first inquest the defendant was found to be of sound mind and was never committed to an institution.

The defendant's counsel submitted a form of instruction following the language of Talbott v. Commonwealth, 10 Ky. Op. 153, which placed the burden upon the commonwealth of proving that the defendant was of sound mind when he killed Stafford. The conception is that insanity once established is presumed to continue. The court refused to give the instruction and gave the usual form often approved which placed the burden upon the accused of establishing his insanity at the time of the killing. An inquest determining mental incapacity to contract is prima facie evidence of that incapacity after that time. Turpin's Adm'r v. Stringer, 228 Ky. 32, 14 S. W. (2d) 189. But the rule is different in a criminal prosecution, for in order to excuse a person from liability for a criminal act it is not sufficient merely to show that he was insane at the time as it must appear that by reason of his insanity he either did not then know right from wrong or did not have sufficient will power to control and govern his actions. The previous inquest is conclusive as to the person's condition of mind only at that time. All that he is entitled to when tried for a criminal offense is to introduce a copy of the verdict and judgment and witnesses on the same subject and to a proper instruction on his condition of mind at the time of the alleged offense. Montgomery v. Commonwealth, 88 Ky. 509, 11 S. W. 475, 11 Ky. Law Rep. 40; Moore v. Commonwealth, 92 Ky. 630, 18 S. W. 833, 13 Ky. Law Rep. 738; Davidson v. Commonwealth, 171 Ky. 488, 188 S. W. 631. In Cannon v. Commonwealth, 243 Ky. 302, 47 S. W. (2d) 1075, the appellant, who had previously been adjudged insane by an inquest, was convicted of grand larceny. She claimed that when she took the fowls she was so under the influence of drugs as to be insane. It was argued that the court should have given an instruction similar to that offered in the case at bar. We pointed out that in the Talbott case only a short time had elapsed since the accused had been adjudged a lunatic and held it proper for the court to have refused the instruction. It was held sufficient to have instructed the jury that they should find the defendant not guilty if they believed that she was in such a state of mind as not to have had the intention of stealing.

The court refused to give an offered instruction to the effect that the defendant had the right to have used such force as was necessary or apparently necessary to eject Stafford from his premises, and that it was not his duty to retreat. We think this ruling was proper for the evidence did not show the deceased was on the defendant's premises when he was shot.

We find no statement in the argument by the Commonwealth's attorney that can be deemed prejudicial. The court controlled the argument and gave all proper rulings and admonitions.

The judgment is affirmed.