# Harris v. Commonwealth.

January 31, 1947.

L. O. Siler and H. M. Sutton for appellant.

Eldon S. Dummit, Attorney General, H. K. Spear, Assistant Attorney General, and James A. Inman, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, J. V. Harris, was indicted for the offense of maliciously shooting and wounding Virgil Prewitt. He was convicted and his punishment fixed at two years in the penitentiary. He appeals alleging two grounds of error, namely: (1) Because of incompetent and prejudicial evidence introduced by the Commonwealth, and (2) improper argument of the prosecuting attorney.

The record discloses that the appellant and the prosecuting witness, Virgil Prewitt, had known each other

for some 12 or 15 years. Each was an employee of the L. & N. Railroad. It appears that for two or three years prior to the shooting, Prewitt had been having alleged clandestine relations with appellant's wife . The appellant and his wife separated. The appellant left his home city of Corbin and worked for a while at Loyall, Kentucky. He afterwards returned to Corbin. On May 10, 1946, Prewitt and appellant's estranged wife attended the Hippodrome theater in Corbin. Upon leaving the show, which was around 9:00 P. M., they were walking down the street toward home, and when about 2 blocks from the theater they encountered the appellant.

The prosecuting witness stated that Harris approached them from the rear, and that Harris' wife observed him coming and said: "Lord have mercy. There is J. V. behind us with a gun. He will kill us." Whereupon, Prewitt remarked: "Maybe you can talk him out of it. Turn around and face him." When she turned around to face him appellant shot twice at her. Prewitt ran out into the street pursued by the appellant who was shooting at him. One of the shots took effect in Prewitt's hip. Pursued by the appellant, Prewitt then ran into a bus station. From there he ran into the street where he fell. Appellant then struck him on the head with his pistol. The testimony of the prosecuting witness was substantially corroborated by other testimony.

Appellant claimed that he was just getting out of his car when he observed Prewitt and his (appellant's) wife passing; that Prewitt turned around facing him with his hand on his hip as if in the act of drawing a gun, and that he shot him in self defense. He denied striking Prewitt on the head with his pistol after Prewitt had fallen in the street.

There is injected into the evidence some testimony concerning the mental incapacity of the appellant. This matter was cared for under proper instructions and no question is raised here concerning that.

Under number 1 of the alleged errors, appellant complains about the repeated questions concerning the fact that he had been placed under a peace bond by his wife. Appellant takes the position that this was incompetent and very prejudicial since the appellant's charac-

ter had not been put in issue. We are not inclined to agree with the appellant in this contention. In the case of Payne v. Commonwealth, 251 Ky. 776, 64 S. W. 2d 888, wherein the appellant was given a death sentence for the murder of his wife, we held that evidence that Payne had been arrested a few days before the murder on account of mistreating his wife, and had been put under bond to keep the peace, was competent on the matter of motive. In the instant case, while it is true the peace bond was obtained by the wife, who was not the prosecuting witness, yet the wife and the prosecuting witness were together, and had been to a show together. The appellant first shot twice at his wife, and then at Prewitt. The trouble initially seems to have grown out of the affair between Prewitt and appellant's wife. It appears to us that this could easily fall within the exception to the general rule and be classed as competent to prove motive, common scheme or intent. In the light of the minimum sentence having been given, even though it were incompetent to ask the question, we still would not hold it to be prejudicial.

Appellant complains further. His sister was asked: "Instead of being of unsound mind, isn't he just down right mean?" Objection was made but the court did not rule at that time. Upon the conclusion of the evidence, and upon motion of the defendant, the court admonished the jury not to consider the question above quoted. Whereupon, the defendant moved the court to discharge the jury, which motion was overruled. The objection was belatedly sustained, but the proper admonishment was given. We think there was no prejudicial error here.

The complaint relative to the improper remarks during the argument of the attorney for the Commonwealth is based upon the reference to Harris' wife getting a peace warrant for him and also for the following statement: "There is a writing. It is right in that contract that you (indicates Harris) could run around with any woman you wanted to, and you know that, and why didn't you produce that contract?" The statement about the writing is entirely outside of the record. There was no evidence to indicate that there was any contract or writing of any sort. We surmise that possibly there had been a settlement of property rights as between Harris

and his wife, but there is no evidence here to indicate that. It is true this court has on numerous occasions reprimanded Commonwealth Attorneys for going outside of the record and making incompetent, irrelevant, and prejudicial remarks. While there is no basis in this record for such statement by the Commonwealth Attorney, the matter of a contract seems to be wholly irrelevant here, yet we are unable to see how in any way the rights of the defendant were prejudiced.

In considering these objections, we are driven back to a consideration of the whole record. The evidence stacks up strongly against the appellant. Appellant had parked his automobile on the street about 10 minutes before Prewitt and his wife came along. After Prewitt and appellant's wife had passed his (appellant's) car, he started after them with his gun and fired two shots at his wife, and then turned on Prewitt. He then followed Prewitt to the bus station, around a bus, and out into the street where, after Prewitt had fallen, the appellant then struck him over the head with his gun. Prewitt was not armed at the time of the shooting. Under the above facts and circumstances, he received the minimum penalty. We cannot believe there would be any justification in saying that the remarks complained of were prejudicial.

Furthermore, this argument of the Commonwealth Attorney does not appear in the bill of exceptions. Improper argument of the prosecuting attorney that does not appear in the bill of exceptions cannot be considered on appeal. Hudson et al. v. Commonwealth, 227 Ky. 831, 14 S. W. 2d 146.

We find no prejudicial error. Consequently, the judgment is affirmed.