## Carnes v. Commonwealth.

October 3, 1947.

Rehearing denied December 19, 1947.

John J. Winn, Judge.

56

Lewis A. White and Earle Fowler for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Walter Carnes has appealed from a judgment sentencing him to imprisonment for a term of three years for the crime of malicious cutting and wounding with intent to kill. The evidence for the Commonwealth was to the effect that appellant made an unprovoked assault upon Wade Cannoy with a knife. Appellant testified that Cannoy made a disparaging remark about Mrs. Carnes as he passed him on the street, and that he turned, walked back four or five steps and struck Cannoy, who then ran up the street. Appellant followed him, striking at him with a knife. Cannoy received several cuts on his back, but none of them was serious. Cannoy denied that he made any statement concerning appellant's wife, and Gordon Bach, who was standing on the sidewalk talking to Cannoy when the attack was made, heard no such statement. Appellant is a resident of Fayette County and Cannoy is a resident of Menifee County. The difficulty occurred on the main street of Frenchburg in Menifee County.

It is first insisted that the court erred in overruling a motion for a change of venue. In the application for a change of venue it was stated that the prosecuting witness, Wade Cannoy, was widely connected by blood relationship and marriage to most of the prominent families of Menifee County; that the defendant was a stranger in the county; and that the facts in the case had been widely discussed with the result that a deep-seated prejudice against the defendant existed. It was also stated that Cannoy was a member of the petit jury

for the December, 1946, term of the Menifee Circuit Court, the term at which appellant was tried. An affidavit signed by Frank Hale and Felix Tackett was filed in support of the application for a change of venue. The affiants stated that they were familiar with the state of public opinion in Menifee County, and that the statements in the defendant's application were true. The court heard evidence on the application. The Commonwealth introduced three witnesses, prominent citizens of the county, who stated that the case had not been widely discussed in the county; that there was no bias or prejudice against the defendant; and that he could obtain a fair and impartial trial. No witnesses were introduced at this hearing by the accused. The proper determination of the questions raised by a motion for a change of venue necessarily depends on the facts and circumstances of each case. The trial court is vested with a sound discretion in determining the question where there is evidence both in support and in resistance of the motion, and this court has uniformly held that it will not interfere with the trial court's decision unless it appears with reasonable certainty that there has been an abuse of discretion. Benge v. Commonwealth, 296 Ky. 82, 176 S. W. 2d 131; Gulley v. Commonwealth, 284 Ky. 98, 143 S. W. 2d 1059; Bryant v. Commonwealth, 202 Ky. 427, 259 S. W. 1038. Appellant failed to sustain the burden of showing that he could not obtain a fair and impartial trial in Menifee County, and the trial court properly overruled his motion for a change of venue. The fact that the prosecuting witness was a member of the jury panel for the term did not entitle the accused to a change of venue. There was no showing that this fact would influence the jurors selected to try the case.

Appellant next insists that the trial court erred in excluding certain evidence to the effect that the prosecuting witness, Wade Cannoy, was guilty of improper conduct in the presence of appellant's wife in a restaurant in Lexington, Kentucky, about three months before the difficulty in Frenchburg. The alleged improper conduct is set forth as follows in an avowal made while appellant's wife was on the witness stand: "That the witness if permitted to answer would say that on a former occasion in 1945 Wade Cannoy had approached her in

the Coney Island restaurant in Lexington, Kentucky; that at that time she and her husband were eating dinner with Ray Hoskins and his wife; that Cannoy approached the table and spoke to her and that she introduced him to her husband and to the Hoskins; that later her husband went to the front of the restaurant to pay the check and Cannoy came over and put his arm around her and tried to whisper in her ear; that she pushed him away and told him that she was married and that Cannoy left.''

Appellant knew of this alleged incident only from hearsay. It was too far removed from the difficulty of March 3, 1946, to constitute a provocation for the assault on Cannoy, and the court properly excluded the evidence.

It is finally insisted that the closing argument of the Commonwealth's attorney was prejudicial. All that appears in the record is this: ''During the argument made by the Commonwealth's Attorney the defendant moved the Court to set aside the swearing of the jury and continue the case on account of the improper argument of the Commonwealth's Attorney in that he said that he was familiar with the records of the defendant and his wife, which motion was overruled by the Court, to which ruling of the Court defendant excepts.''

On cross-examination appellant admitted he had been convicted of a felony. His wife also testified that she had been convicted of a felony. An attorney for the Commonwealth should adhere to facts shown by the proof and should avoid expressions of personal opinions not based on evidence, but it does not follow that every improper statement is prejudicial. Harris v. Commonwealth, 303 Ky. 769, 199 S. W. 2d 445. A consideration of the whole record convinces us that appellant's rights were not prejudiced by the attorney's remark.

The judgment is affirmed.