**Tollie WATKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 24, 1964.

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, for appellant.

Robert F. Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

In the course of a fist fight the appellant, Tollie Watkins, drew a pocket knife and inflicted two stab wounds in the chest of his adversary, Harold Bryant. He was indicted for malicious cutting and wounding with intent to kill and found guilty of the lesser offense of cutting in a sudden affray or in sudden "heat and passion," for which the jury fixed his punishment at a fine of $250 and twelve months in jail. KRS 435.170, 180. He appeals on the following grounds:

(1) Failure to instruct on the theory that by reason of a blow on the head he was not conscious of what he was doing when he cut Bryant;

(2) Insufficiency of the evidence to support the verdict; and

(3) Improper cross-examination of a character witness.

While driving on the highway between Winchester and Irvine, Bryant passed a car driven by one Clay Hatton in which Watkins was riding as a passenger. Evidently Bryant had trouble passing and, after he had succeeded in so doing, felt that Hatton was following too closely, whereupon he suddenly braked his car and nearly caused Hatton to collide with it. Bryant proceeded on into Irvine and parked in his father's driveway. Soon thereafter Hatton and Watkins, having meanwhile picked up Hatton's wife, drove up and stopped. Watkins called Bryant out and sought to discuss the highway incident. After preliminary verbal exchanges the fight ensued. Watkins says the first blow was a hard punch below the

eye delivered by Bryant, causing him to see stars, and that he does not remember any further details until afterward, including the drawing of his knife.

■ "It is a well-recognized principle of criminal law that, if a person is unconscious at the time he commits a criminal act, he can not be held responsible." Smith v. Commonwealth, Ky., 268 S.W.2d 937, 938 (1954), citing Fain v. Commonwealth, 78 Ky. 183, 39 Am.Rep. 213 (1879).

In the Fain case the defendant, on being awakened by a porter while asleep in a hotel lobby, drew a pistol and killed the porter,. whom he had never seen before. In his trial on a charge of murder the court refused to admit evidence that he was a sleepwalker, together with expert medical testimony on the subject. In reversing for a new trial this court directed that the evidence be received and that instructions be given accordingly.

In Gray v. Commonwealth, 247 Ky. 282, 57 S.W.2d 6 (1933), the defendant was convicted of manslaughter pursuant to a murder charge arising from the death of a person struck by a thrown rock. The accused testified that when he had first arrived at the scene something struck him on the back of the head, rendering him unconscious, and that he knew nothing more of what happened until he started for his home. This was corroborated by evidence of severe wounds on his head. On appeal it was held that the trial court should have given an instruction to the effect that if at the time he threw the rock that struck and killed the deceased he was unconscious of his act the jury should acquit him. However, in reversing for a new trial the court relied principally on another ground, and expressed itself as follows with respect to the specific instruction on unconsciousness:

"We would not be inclined to reverse the judgment on this ground alone, since under the instructions * * * the jury was not authorized to find appellant guilty, unless they believed he acted willfully * * * and they could not have found he so acted if they believed his condition of mind at the time was such as to render him unconscious of what he was doing."

In the comparatively recent case of Corder v. Commonwealth, Ky., 278 S.W.2d 77 (1955), wherein the evidence suggesting unconsciousness on the part of the defendant came much closer to raising a genuine issue in that respect than it did in this, it was held that a special instruction was not required. Our conclusion is that its omission in this case was not a prejudicial error.

■ The only witnesses who described the fight were the two principals themselves, and as might be expected their versions of it were materially different. Accepting Bryant's, as the jury had the right to do, it would appear that the physical conflict was deliberately provoked by Watkins. In finding him guilty of the lesser offense under KRS 435.180 the jury gave Watkins the benefit of the only reasonable doubt existing in the case. We cannot say the verdict was against the evidence.

■ During the cross-examination of appellant's character witness Odell Watson, the Commonwealth's Attorney asked if he had heard any story about appellant's having been fired from a job for fighting with other employes. The witness answered in the negative. Appellant already had denied such an occurrence, and there is nothing in the record to suggest a factual basis for the question. Under the circumstances the question was improper, as it had no purpose but to sow a prejudicial inference. However, after his objection was sustained by the trial court counsel for appellant did not move for an admonition or a mistrial,[1] and we are not convinced that the incident had a prejudicial effect. The rest of the cross-examination, it seems to us, was not improper.

The judgment is affirmed.

1. Cf. Senibaldi v. Commonwealth, Ky., 338 S.W.2d 915, 920 (1960).