**Marvin KINNETT et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

Rehearing Denied Dec. 16, 1966.

Wallis H. Manske, Louisville, Marvin Kinnett, pro se, for appellants.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee

CLAY, Commissioner.

Appellants were convicted of grand larceny and sentenced to three years in the penitentiary. On this appeal the questions raised relate only to the argument of the prosecuting attorney and the competency of certain evidence.

There had been a change of venue for the trial of this action from Russell County to Pulaski County. In the closing argument the Commonwealth's attorney al-luded to the fact that the case had been sent over from Russell County. No objection was interposed to these statements and of course appellants cannot raise their

objections for the first time in this Court. Caudill v. Commonwealth, 239 Ky. 712, 40 S.W.2d 334.

■ It is next contended the Commonwealth's attorney, in his closing argument, misinterpreted the testimony of one of the defense witnesses. There was not a technical objection to this argument and the court made no ruling when appellants' attorney called attention to what the record would show. Without deciding whether counsel's remarks constituted a proper objection, we do not find any alleged "misquotation" of the witness' testimony. Some leeway must be accorded each side in arguing the meaning and effect of evidence. Lewis v. Commonwealth, 307 Ky. 733, 212 S.W.2d 269. We do not believe the Commonwealth's attorney went beyond the proper bounds of lawful and fair argument. See Stumbo v. Commonwealth, Ky., 299 S.W.2d 115.

■ The final contention is that the Commonwealth's cross-examination of a defense witness was improper because it brought out the fact that the defendants had been charged with other crimes. The witness was testifying for appellants with respect to their honesty, truthfulness and integrity. The witness himself volunteered that appellants had been "charged with this other business" (which was some other criminal offense). The Commonwealth's attorney then proceeded to question the witness as to whether the fact that appellants had been charged with other crimes would affect his evaluation of their moral reputations.

We think this a legitimate cross-examination to test the credibility of the witness' testimony relating to the reputations of appellants. It is similar to cross-examination of a defendant who testifies to his good reputation for peace and quiet. The Commonwealth may then cross-examine concerning specific offenses committed by him. Payne v. Commonwealth, 251 Ky. 776, 64 S.W.2d 888. The questions asked were in good faith designed to test the witness' credibility. While appellants would have been entitled to an admonition if they had requested it, in the absence of such request we do not find prejudicial error. See Watkins v. Commonwealth, Ky., 378 S.W. 2d 614.

The judgment is affirmed.