RENDERED:  SEPTEMBER 30, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1440-MR

ALAN FERRARA AND KATHLEEN                    APPELLANTS
JORDAN

v.          APPEAL FROM JOHNSON CIRCUIT COURT
            HONORABLE JOHN DAVID PRESTON, JUDGE
            ACTION NO. 21-CI-00203

TONY BRANDON MILLER                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Dr. Alan Ferrara and Kathleen Jordan have appealed from

the November 5, 2021, order of the Johnson Circuit Court dismissing their

complaint against Tony Brandon Miller with prejudice due to improper venue.

Because we hold that the circuit court abused its discretion in dismissing the

action, we reverse and remand.

Ferrara and Jordan (hereinafter, the plaintiffs or the appellants) are the parents of attorney Alexander A. Ferrara.[1]  In 2015, Attorney Ferrara and Miller (who is also an attorney) opened a law practice named Bluegrass Law Group, PLLC.  A third attorney, James R. Pennington, appears to have joined the group a couple of years later.  In order to help with the startup and business expenses of the practice, the plaintiffs entered into a series of promissory notes over the course of a four-year period whereby they loaned money to Attorney Ferrara, Miller, and later Pennington.  The individuals were to be severally, but not jointly, liable for their portions of the loans.  The plaintiffs made a demand for payment on the promissory notes to Miller on July 31, 2021, mailing it to him via the United States Postal Service (USPS).  In the demand letter, the plaintiffs sought a total of $61,868.38 for Miller's portion of the 15 promissory notes he had signed between October 12, 2015, and October 4, 2019.  USPS tracking established that Miller received the mailing on August 2, 2021.  Miller did not comply with the demand letter by paying the amounts he owed.

Therefore, on August 13, 2021, the plaintiffs, proceeding *pro se*, filed a complaint in Johnson Circuit Court against Miller alleging claims of breach of contract, fraudulent misrepresentation, and unjust enrichment.  They sought a judgment for $61,868.38 plus interest as well as punitive damages in the amount of

---

[1] Attorney Ferrara is representing the appellants in the present appeal.

$185,604.14. While the plaintiffs were residents of Johnson County, Miller was listed as a resident of Fayette County. The plaintiffs alleged in the complaint that venue was proper in Johnson County because the issues and events in controversy occurred within the court's jurisdiction, without further elaboration.

In lieu of filing a response, Miller moved to dismiss the plaintiffs' complaint due to improper venue pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(c). He stated that none of the alleged issues or events occurred in Johnson County, nor did he live in Johnson County. He lived in Fayette County, where all of the events occurred, including the signing of the promissory notes. He argued that it would be inherently unfair to proceed in Johnson County due to the distance from his residence and the plaintiffs' prominent positions in that county. Because he believed that venue was inappropriate in Johnson County, Miller sought dismissal of the complaint. In addition, Miller alleged insufficiency of process as Attorney Ferrara allegedly served him with the complaint on September 6, 2021, by handing Miller the envelope while he was leaving his office after cleaning it out, stating in passing that "my parents are suing you."

On October 22, 2021, the plaintiffs filed a response objecting to Miller's motion and also moved for a default judgment. They argued that, under the facts they alleged in the complaint, they had "clearly state[d] affirmative actions that took place in Johnson County in regard to the Agreements between the

-3-

parties." Because the complaint involved funds for an incorporated entity, Kentucky Revised Statutes (KRS) 452.450 permitted the suit to be brought in the county in which the contract was made or was to be performed. Here, they asserted that the contracts were made in Johnson County. If the court disagreed, the plaintiffs requested that the court transfer the matter to Fayette County. In addition, they argued that Miller failed to cite any statute or caselaw requiring the complaint to be brought in his home county. The plaintiffs went on to dispute Miller's insufficiency of process argument. In their motion for a default judgment, the plaintiffs alleged that Miller had been served on September 6, 2021, and had not yet filed an answer. While Miller had filed a motion to dismiss, he had not entered a special appearance to challenge the court's jurisdiction. The plaintiffs filed affidavits to support the motion for a default judgment.

On November 5, 2021, the circuit court granted Miller's motion to dismiss due to lack of venue based on Miller not being a resident of Johnson County. The court dismissed the matter with prejudice, and it also denied the plaintiffs' motion for default judgment.

Shortly thereafter, the plaintiffs moved the court to reconsider its dismissal of the complaint with prejudice, which they described as the ultimate sanction available. They stated that they had complied with every order of the court, had attempted to prosecute the case diligently, and had acted in good faith.

-4-

They also stated that they had a good faith reason for filing the complaint in Johnson County, stating that they were residents of that county, the contract was entered into there, the contract was performed there, and the funds were for an incorporated entity, meaning that the action could be filed in the county where the contract was made or to be performed. Finally, they again requested a transfer to Fayette County or for the matter to be dismissed without prejudice so that they could bring their suit in the appropriate court. The court denied the motion in an order entered December 3, 2021. This appeal now follows.[2]

On appeal, the appellants raise two arguments. First, they contend that the circuit court abused its discretion in dismissing their action with prejudice. Second, they contend that the court erred in granting the motion to dismiss based on lack of venue because Miller failed to provide evidence of his residence or to make any appearances before it.[3]

We shall consider these arguments in tandem, first addressing whether the circuit court properly concluded that venue in Johnson County was improper.

_____

[2] The plaintiffs only listed the November 5, 2021, order in their notice of appeal.

[3] We note that Miller has not filed a brief in this matter. Pursuant to CR 76.12(8)(c), "[i]f the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." And it is within this Court's discretion whether to impose any of these penalties. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). We shall opt to consider the merits of the appeal.

> "Wide discretion is afforded to the trial court in determining a change of venue question." *Wood v. Commonwealth*, 178 S.W.3d 500, 513 (Ky. 2005). "The trial court is vested with a sound discretion in determining the question where there is evidence both in support and in resistance of the motion, and this court has uniformly held that it will not interfere with the trial court's decision unless it appears with reasonable certainty that there has been an abuse of discretion." *Carnes v. Commonwealth*, 306 Ky. 55, 206 S.W.2d 44, 45 (1947).

*Abbott v. Chesley*, 413 S.W.3d 589, 606 (Ky. 2013). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

The appellants assert, in their two arguments, that Miller failed to establish his residence in Fayette County and that they were permitted to file the action in Johnson County by operation of KRS 452.450, which provides:

> [A]n action against a corporation which has an office or place of business in this state, or a chief officer or agent residing in this state, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first-named county, or the county in which the tort is committed.

They argue that because the contract was entered into and was to be performed in Johnson County, venue in that county was proper. We disagree. In their

complaint, the appellants listed Miller as a resident of Lexington, Fayette County, Kentucky. And while they alleged that venue was proper because the issues and events in controversy occurred in Johnson County, the promissory notes upon which the contract claim is based reference only Fayette County, not Johnson County. Accordingly, we find no abuse of discretion in the circuit court's conclusion that venue was improper in Johnson County.

However, we agree with the appellants that the circuit court abused its discretion in dismissing their complaint with prejudice. Rather, KRS 452.105 provides that, "[i]n civil actions, when the judge of the court in which the case was filed determines that the court lacks venue to try the case due to an improper venue, the judge, upon motion of a party, shall transfer the case to the court with the proper venue."

> Observance of proper venue is deeply imbedded in Kentucky law. *Fritsch v. Caudill*, 146 S.W.3d 926, 927 (Ky. 2004). Improper venue is a ground for a trial court's dismissal of an action under the provisions of CR 12.02(c). However, the provisions of KRS 452.105 permit a trial court to transfer venue from one court to another when it determines that the venue of the selected forum is improper.

*Hensley v. Traxx Mgmt. Co.*, 622 S.W.3d 652, 660 (Ky. App. 2020). *See also Dollar General Stores, Ltd. v. Smith*, 237 S.W.3d 162, 167 (Ky. 2007) ("With enactment of KRS 452.105, the General Assembly made it clear that venue should be transferred in a proper case, and that the action should not be dismissed.").

-7-

Here, the appellants certainly requested the circuit court to transfer their action if it determined that venue was not proper in Johnson County. Because the statute mandates transfer in such situations, the circuit court's decision to dismiss the complaint with prejudice constitutes an abuse of discretion.

For the foregoing reasons, the order of the Johnson Circuit Court dismissing the appellants' action with prejudice is reversed, and this matter is remanded with directions that the circuit court transfer venue to Fayette County.

ALL CONCUR.

BRIEF FOR APPELLANTS:                    NO BRIEF FOR APPELLEE FILED.

Alexander A. Ferrara
Lexington, Kentucky