## Lawson v. Commonwealth.

(Decided May 11, 1928.)

### Appeal from Laurel Circuit Court.

1. Homicide.—Right of self-defense goes no further than use of such force as appears to the person attacked to be reasonably necessary to repel assault.
2. Homicide.—In prosecution for maliciously cutting and wounding another with intent to kill, in which self-defense was urged, conviction held not against weight of evidence, where it appeared that person injured was known to be unarmed.
3. Homicide.—In prosecution for maliciously cutting and wounding another with intent to kill, failure of court to present to jury the idea that the person injured was the aggressor in the controversy, in connection with the instruction on self-defense, held not error.
4. Homicide.—In prosecution for maliciously cutting and wounding another with intent to kill, in which it appeared that defendant and person injured had had a controversy four days previously, refusal of court to permit defendant, after testifying as to such controversy, to go into the details of it, held not prejudicial error.

W. E. BEGLEY for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant was found guilty of the offense of malicious cutting and wounding a person with intent to kill him, and sentenced to three years in the penitentiary.

On this appeal, his counsel urges three grounds for reversal of that judgment.

First, he says that the verdict is flagrantly against the evidence. The appellant and the prosecuting witness, Wilkerson, on the Sunday preceding the affair out of which this prosecution arose, had some words at a church meeting over Wilkerson's claim that appellant had made some slurring remarks concerning a young lady whom Wilkerson had escorted to the meeting. The appellant protested his innocence, but Wilkerson seems not to have been satisfied. This altercation went no further than a war of words. On the next day, Wilkerson, for the purpose of renewing the argument, either went to the home of appellant, as appellant claims, or stopped by there on his way to another place as Wilkerson claims. This meeting, too, went no further than mere words.

On the Thursday following Wilkerson was at a general store at Viva. Late in the afternoon, and while Wilkerson and others were playing cards out under the trees, the appellant rode up, stopped, got off his horse, and joined the game. Very shortly thereafter Wilkerson left the game and went into the store, but soon came out, and, as he admits, again renewed the argument with appellant about the preceding Sunday night's occurrence. The two during this argument were standing quite close together. All the witnesses, including Wilkerson, agree that the appellant backed off from Wilkerson, insisting that Wilkerson go on away and leave him alone, and that Wilkerson followed him up. Wilkerson was unarmed. Indeed, appellant does not claim that he was fearful of Wilkerson being armed. They were both of about the same build. Appellant had a razor in the front pocket of his trousers, which he claims that he had put there that morning after shaving and while washing his face, although he does not ever recall having put his razor thus in his trousers pocket before. During the argument, appellant kept his hand in his pocket on his razor. Wilkerson says that he followed appellant up because he was afraid that if he turned his back appellant would jump upon him and do him harm. There is no dispute in the evidence up to this point. Wilkerson says that he finally started to turn and leave the appellant, when the appellant pulled his razor and cut him. On the other hand, appellant says that Wilkerson struck at him with his fist, although he admits that Wilkerson missed him, whereupon he pulled his razor and cut Wilkerson. Wil-

kerson was very severly cut in the back and the back part of his head. Appellant attributes the cuts being in the back by the fact that he reached over Wilkerson's shoulder as he did the cutting. Wilkerson, however, says that his back was turned to the appellant when the cutting was done.

The witnesses in the main substantiate Wilkerson's contention that he was doing nothing to appellant at the time appellant cut him, beyond arguing with him and following him up as he backed off. It is also in evidence that, after the cutting, Wilkerson admitted that he was to blame for the affair. Wilkerson did not in terms deny this statement, contenting himself with simply saying that he did not remember it. Appellant insists that under this evidence Wilkerson was the aggressor, and that he had the right to cut Wilkerson in his self-defense. It must be remembered, however, that the right of self-defense goes no further than the use of such force as appears to the person attacked to be reasonably necessary to repel the assault. See Roberson's New Kentucky Criminal Law and Procedure, sec. 1113. The jury under this evidence was warranted in believing that it did not appear to the appellant reasonably necessary to cut Wilkerson as he did in order to defend himself from Wilkerson's aggressions. The jury may have believed that Wilkerson did not strike the appellant, but was only arguing with him and following him up as he backed off, and that at the time appellant cut Wilkerson it did not appear reasonably necessary to appellant to cut Wilkerson in order to protect himself. We are therefore of the opinion that the first contention of the appellant cannot be sustained.

He argues, secondly, that the trial court failed to properly instruct the jury because the court failed to present to the jury in connection with the self-defense instruction the idea that Wilkerson was the aggressor in the controversy. This precise question was considered in the case of Conard v. Commonwealth, 214 Ky. 137, 282 S. W. 1082, and there resolved against the position of the appellant.

It is lastly contended that the trial court erred in the admission and rejection of testimony. When the prosecuting witness was on the stand, the appellant, over the objection of the commonwealth, elicited from him testimony covering in some measure the details of the controversy that occurred on Sunday night. When the ap-

pellant went upon the stand, the court refused to permit him, after he had testified that he and Wilkerson had had a controversy on Sunday night, to go into the details of it, and it is this of which he now complains. The only relevant part of Sunday's occurrence was that appellant and Wilkerson then had a controversy. The details of it threw no light on what occurred on Thursday. Wilkerson admitted that he accosted the appellant on Thursday and that he argued with him about what happened the preceding Sunday night, and that he followed appellant up as appellant backed off. The only question really presented for decision by the jury was whether the appellant, in doing the cutting, was warranted in doing so under the doctrine of self-defense, and this turned entirely on what was happening there on that occasion. The details of Sunday's occurrence threw no light on this subject. What little that was developed about the Sunday affair was brought out by the appellant, and over the commonwealth's objection. We cannot see how the refusal of the court to permit the appellant to further develop that affair prejudiced the appellant in the trial of this case.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.