# Gooslin v. Commonwealth.

May 17, 1940.

R. Monroe Fields, Judge.

J. M. Bolling for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Frank Gooslin, was indicted jointly with Lloyd Gooslin for the murder of Ira Phillips and on a joint trial both were convicted of voluntary manslaughter and their punishment fixed at 15 years in the penitentiary. A new trial was granted to Lloyd Gooslin, and this appeal is prosecuted by appellant from the

judgment sentencing him to the penitentiary for 15 years.

The brief filed for appellant fails to comply with the rule of this court requiring that briefs shall contain a concise statement of the questions discussed and that each question or principle of law for which contention is made shall be separately and clearly stated with the authorities relied upon subjoined. We gather from the brief, however, that the questions presented are 1) that the evidence was not sufficient to sustain the verdict and 2) that the court erred in rejecting competent evidence offered by appellant.

Between dusk and dark on the day in controversy appellant was walking along a public road near the deceased's home in company with Lloyd Gooslin, a cousin, both of them being under the influence of intoxicating liquor. They met John Tilley and the three of them remained in the vicinity of the deceased's home for approximately twenty minutes when a truck drove up, driven by a brother-in-law of the deceased, and parked near the deceased's home. The driver of the truck got out and went into the home of deceased and after he had been there some little time a child came in and told the deceased that appellant had taken some crackers and sausage from the truck. Appellant denies that these articles had been taken by him from the truck but two officers testify that he told them that he did take them. When the deceased received the information that the articles had been taken from the truck, he went out to where the appellant and Lloyd Gooslin and John Tilley were standing and accosted them with reference to whether or not they had taken the articles. A fight ensued in which deceased was stabbed twice with a knife by appellant and he died about two weeks later from these wounds.

A 13-year-old boy who was present at the difficulty testified for the Commonwealth that appellant had his knife open in his hand behind him at the time deceased opened the conversation with him, and John Tilley, who was a witness for defendants, corroborates this statement. This boy states that appellant stabbed the deceased while he was talking to him about the stolen property and that when the deceased was stabbed the second time he was holding his side with his hand.

George Haskell Phillips, 9-year-old son of the deceased, testified that during the course of the argument between his father and the appellant his father started to walk off and appellant stabbed him.

Both defendants as well as Millard Gooslin, the father of Lloyd Gooslin, and one Harvey Sparks testified that during the course of the argument the deceased struck appellant and that appellant struck back with his fist; that the deceased then started hitting at appellant with a rock and throwing rocks at him and that appellant ran with the deceased in pursuit, picking up rocks and throwing at him and that the deceased finally caught up with appellant who then struck him with the knife. John Tilley, a witness for the appellant, did not testify as to any rock throwing but stated that the deceased hit appellant in the face with his fist and appellant immediately hit him with the knife. The two boys who testified for the Commonwealth were asked on cross examination what persons were present at the difficulty at the time they came out of the deceased's home and they stated that they did not see any persons except appellant, Lloyd Gooslin, the deceased and a girl.

It seems that our statement of the substance of the testimony is in itself a refutation of appellant's position that the evidence was insufficient to sustain the verdict. If the testimony of the two boys is to be believed, the deceased had made no assault on either of the Gooslins at the time he was stabbed. No matter how insulting his language may have been to appellant, appellant was not justified thereby in stabbing the deceased. Insulting language is no justification for an assault. Even if we accept as true the testimony of John Tilley, the jury was at liberty to find that the appellant used more force than appeared to him to be reasonably necessary to repel the assault made on him by the deceased. Though the deceased brought on the difficulty, appellant had the right to use only such force as appeared to him reasonably necessary to repel the assault. Lawson v. Commonwealth, 224 Ky. 443, 6 S. W. (2d) 488. The jury was at liberty to accept the testimony of the two boys and reject the testimony of the defendants and their witnesses. The credibility of the witnesses is peculiarly a question for the jury and if there is evidence to sustain the verdict its weight and credibility presented a problem to be solved by the jury alone. Barton v. Com-

monwealth, 240 Ky. 786, 43 S. W. (2d) 55; Newsome v. Commonwealth, 240 Ky. 333, 42 S. W. (2d) 306. It is insisted most earnestly for the appellant that the evidence shows that the two boys were not telling the truth because they stated that they saw no one present at the difficulty except the deceased and the two defendants but it is readily understandable that these boys, in the excitement of the moment, did not see any persons except those actually participating in the difficulty. In any event the credibility of these two witnesses was a matter for the jury to determine and we conclude that the defendants' evidence was not sufficient to demonstrate to a certainty that their evidence was false. After a careful examination of all the testimony we are convinced that there was ample evidence to sustain the verdict finding appellant guilty.

Complaint is made by appellant that the trial court refused to permit Lloyd Gooslin to answer a question asked him "Who commenced the trouble?". We see little merit in this contention since to have permitted the witness to answer this question would have been to permit him to express his opinion as to a matter which it was the province of the jury to determine. The trial court correctly ruled that the witness could state what transpired between the parties and that the jury were the judges as to who commenced the trouble. Wadkins v. Commonwealth, 228 Ky. 106, 14 S. W. (2d) 390.

Complaint is also made that the trial court committed error in not permitting appellant to prove that one of his witnesses was summoned as a witness for the Commonwealth and testified for the Commonwealth at the examining trial. It is doubtful if the trial court committed error in excluding this evidence but even if error was committed it was so trivial and immaterial as not to be prejudicial to appellant's substantial rights. Again, no avowal was made as to what the witness would state after the court sustained the objection. In the absence of an avowal the appellant is in no position to complain of the court's ruling. Jones v. Commonwealth, 267 Ky. 465, 102 S. W. (2d) 345; Sawyer v. Commonwealth, 267 Ky. 388, 102 S. W. (2d) 371.

Quite a large number of cases are cited by appellant as establishing the law applicable to cases of this character but no complaint is made as to the instructions

given by the court. The instructions were in the usual stereotyped form many times approved by this court in cases of this character. The usual self defense instruction was given and it contained no qualifications or limitations. In these circumstances we do not deem it necessary to refer to or mention any of the cited cases.

The judgment is affirmed.