## Gooslin v. Commonwealth.

Oct. 25, 1940.

R. Monroe Fields, Judge.

J. M. Bolling for appellant.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was convicted of aiding and abetting his kinsman, Frank Gooslin, in killing, without previous malice but in sudden heat and passion, one Ira Phillips. The penalty imposed was two years confinement in the penitentiary, and, although many authorities on various branches of the criminal law are cited in the brief of appellant's counsel, their applicability to the record before us is not pointed out, and the only specific ground for a reversal suggested is that the testimony is insufficient to support the verdict.

While appellant and Frank Gooslin deny that appellant took any part in the affray, two witnesses, one of them the nine year old son of the deceased, testify that after the first wound had been inflicted and while the deceased was backing away, the appellant caught him by the shoulder and pushed him within reach of Frank who thereupon stabbed him the second time.

The facts leading up to the encounter and many of its details are set forth in our opinion in the case of Frank Gooslin v. Commonwealth of Kentucky, 283 Ky. 665, 142 S. W. (2d) 989, 991, affirming the conviction of Frank Gooslin of manslaughter; and since the testimony given in the case at bar is substantially similar to that given in the case referred to, it is unnecessary to recite it here.

While it may be true that the verdict in the case at bar was against the weight of the evidence, it cannot be said that the verdict was without evidence to support it or that it was so flagrantly against the weight of the evidence as to indicate that it was the result of passion or prejudice on the part of the jury rendering it. In fact, two juries have pronounced appellant guilty, the first verdict having been set aside by the Trial Court. As said by us in reviewing the conviction of Frank Gooslin:

"The jury was at liberty to accept the testimony of the two boys and reject the testimony of the defendants and their witnesses."

Judgment affirmed.