# Christopher v. Commonwealth.

Jan. 17, 1941.

Marcus C. Redwine for appellant.

Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant, Ambrose Christopher, was convicted of feloniously breaking into the house of Henry Moon and taking property therefrom. The penalty imposed was two years' confinement in the penitentiary, and the only ground relied on for a reversal is that the verdict is flagrantly against the weight of the evidence.

Hayden Christopher, a cousin of the appellant, testified that he and Chester Christopher, also a cousin, accompanied appellant to Moon's house and remained outside while appellant broke the lock and stole two pistols and a watch. Omer Booth, jailer, testified that appellant told him that he and Chester had committed the crime and pawned the solen property in Lexington, and that appellant on the following day pointed out to the officers in Lexington the places from which one of the pistols and the watch were subsequently recovered. Carl Bain, a restaurant proprietor in Lexington, identified appellant as the person from whom he had purchased the stolen watch. This testimony is corroborated in part by the sheriff and other witnesses, but we deem it unnecessary further to discuss the Commonwealth's evidence.

Appellant, who is twenty years of age and the oldest of the trio, admitted pawning one of the pistols and

154

the watch but denied any participation in or guilty knowledge of the crime. According to him, Chester requested him to pawn the articles because he, Chester, was not old enough to do so. Chester was jointly indicted with appellant, and pleaded guilty, and Hayden was dismissed on motion of the Commonwealth.

Appellant's defense was an alibi, and his counsel vigorously contends that because of family and neighborhood jealousies and animosities, an agreement had been made that appellant, who was innocent, should be sacrificed to save Hayden, who was in fact the sole accomplice of the admittedly guilty Chester. However, the record discloses no evidence of such an agreement, and the jury was properly instructed that a conviction could not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect appellant with the commission of the crime. Criminal Code of Practice, Section 241.

The testimony to which we have alluded manifestly supplied that corroboration, and was sufficient to support the verdict of "Guilty." Whether the witnesses testified truthfully was for the jury, and not this court, to determine, and we cannot say that the verdict was so flagrantly against the weight of the evidence as to indicate passion or prejudice on the part of the jury rendering it. Gooslin v. Commonwealth of Kentucky, 283 Ky. 665, 142 S. W. (2d) 989.

Judgment affirmed.