## Scott v. Commonwealth.

December 6, 1946.

474

Elwood Rosenbaum for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, Charles Scott, having been indicted for burglary, was tried, convicted and sentenced to three years in the penitentiary. He complains.

He contends, first, that the Commonwealth was permitted erroneously to introduce incompetent evidence, and, second, that the court erred in refusing to sustain appellant's motion for a directed verdict.

Under contention 1 he insists that the Commonwealth, by improper and incompetent evidence concerning other crimes, created an atmosphere of crime extremely prejudicial to him. The complaint with respect thereto is directed particularly at two instances. The first pertains to circumstances at the time of the arrest, about which the arresting officer, C. B. Fentriss, of the

Fayette County Patrol, was permitted to testify as follows:

"Q. 13. What were they doing at that time? A. They were in a stolen car from Owensboro and at that time we had the Deputy Sheriff from Nicholasville * * * Jessamine County, with us. He had a warrant for them for Grand Larceny, from Nicholasville. We served that on him and then we searched the car and confiscated some stolen goods we found in the car, which had been taken in Fayette County."

No objection was made to the above testimony and counsel frankly admits that none was made and apologizes for having failed to do so. Consequently, that matter is in no way subject to argument herein. However, counsel seeks to make the above incompetent and improper because it was followed by other evidence in which reference was made to the stolen automobile, or stolen property, thereby impressing the jury with other crimes which prejudiced them in their verdict. In the light of the following, we are not impressed with this contention.

The second contention is based upon the allegedly improper questions concerning the confession of the accomplice, Steve Flynn. This accomplice was first introduced by the Commonwealth. On direct examination, he stated positively and definitely that he and Scott were together in Lexington on Saturday, the day of the robbery of the Harney home; that Scott pointed out Mr. Harney to him and told him that he was away from home; that they were talking about being broke; that he himself did not know where Harney lived, and that Scott showed him the house and said that the man had an automatic rifle that was a good one and they could get it and sell it; that after Flynn broke the door down with his shoulder, Scott went in with him and they took a rifle, guitar, radio, two gold watches, and other articles; that they put the things in the car and drove back to Lexington; that they rode around together awhile that day, and on the following day, which was Sunday, they rode around most of the day, and were arrested on Monday about a week later.

It will be noted that Flynn said nothing about a stolen automobile, nor was there anything said about

his written confession. At the conclusion of all testimony of both parties, and on motion of the defendant, the court permitted the defendant to reopen his case and to recall the witness, Steve Flynn, as a witness for the defendant. Under direct examination, then, Flynn stated that Scott had nothing to do with stealing the car in Owensboro and did not know it had been stolen. He stated that he induced the appellant by plying him with drinks, to accompany him and commit the crime under trial. In fact, it was a complete repudiation of his previous testimony.

Upon cross examination, the Commonwealth Attorney, reading from a written confession voluntarily made by Flynn, and basing his questions on the statements therein, which were in contradiction to those testified to in his rebuttal, asked Flynn if what he had said therein was true or not true. Appellant's attorney introduced the witness for the purpose of testifying contrary to and repudiating his former testimony. Certainly the Commonwealth had the right to impeach and contradict him upon the facts about which he had testified in his direct examination. This was a legitimate method of impeachment.

Appellant insists that he should have had a directed verdict of acquittal. He bases this on the claim that there was not sufficient corroboration of the accomplice's testimony to warrant a submission to the jury. It is well settled that a confession of the accused, or his possession of the stolen property, would be sufficient corroboration to take the case to the jury. Christopher v. Commonwealth, 285 Ky. 153, 147 S. W. 2d 69; Miller v. Commonweatlh, 285 Ky. 251, 147 S. W. 2d 394; Little v. Commonwealth, 242 Ky. 247, 46 S. W. 2d 97; and Taylor v. Commonwealth, 248 Ky. 277, 58 S. W. 2d 360. Appellant seeks to overcome the first by insisting that the testimony of the Commonwealth Detective concerning the confession of the accused was not admissible and should have been excluded. He contends that since the court had already sustained objections to the introduction of a purported written confession of the accused, his objection to the testimony of Robert C. Stilz, Commonwealth Detective, concerning an admission of the accused, should likewise have been sustained. The evidence discloses that the written confession was obtained

several hours after the arrest, and then after the plying of questions. The admission came soon after the arrest, was readily made by the appellant, and without the plying of questions. We think this testimony was properly admitted by the court.

He insists further that there was no evidence with which to connect the accused with the stolen goods. He bases this contention apparently on the fact that the arresting officer could not specifically identify which of the stolen articles were taken off of either Flynn, the accomplice, or Scott. He said he took some off of one and some off of the other but could not say which articles he took off of the accused. However, some of the stolen articles were found in the car and some on the persons of the two. They were together. They had been together for some time, and it appears to us folly seriously to make any such contention.

Much has been written in the brief about the mental impairment of the appellant. Appellant's motion for new trial raises as one ground the giving of improper instructions. However, this record does not show what instructions were given, nor is there any complaint of the instructions in the bill of exceptions. In fact, the instructions are entirely absent from the record. The assumption, therefore, follows that these instructions were correct. It must, then, be assumed that the court below gave the proper instructions in the matter involving the appellant's mental responsibilities for the crime. Assuming that the court's instructions were correct, it was a jury's province to determine whether this young man had mental capacity to be responsible for the crime. Despite the testimony pertaining to his mental incapacity, it is obvious from this record that he knew enough to join his accomplice in pawning part of the property; in driving an automobile, and to know a good place for burglary and the proper time to commit it. It appears to us that the lower court was careful to protect appellant in all the matters of evidence. We find no reversible error.

The judgment is affirmed.