**Chester KAHAFER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

Thomas H. Young, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Appellant, Chester Kahafer, appeals from a judgment of the Jefferson Circuit Court wherein he was convicted of the crime of rape, denounced by KRS 435.090, and his punishment fixed at confinement in the penitentiary for life without the privilege of parole. For reversal of the judgment he contends: (1) the court misinstructed the jury; (2) prejudicially incompetent evidence was admitted over his objection; (3) the court failed to permit him to introduce competent testimony offered by him; (4) he should have been granted an extension of time within which to file additional grounds for a new trial; (5) misconduct

of his father during the trial of the case was prejudicial; (6) the statute under which he was convicted is unconstitutional, and (7) the verdict is contrary to the law and the evidence.

About 1:30 a. m. on August 7, 1954, prosecutrix and her escort were sitting in Thurston Park in the City of Louisville when a group of five men walked past them. Prosecutrix identified the appellant, Kahafer, as one of the members of the group. One of the men asked her escort for a match and kicked him. While he lay stunned, some of the men struck the prosecutrix and knocked her down. When the men turned as if to leave, prosecutrix attempted to give aid to her escort, and they returned and again struck her and kicked her escort. One of them held prosecutrix and pressed a knife against her throat while another had intercourse with her. Appellant was the second person to have intercourse with her while she remained in this forced position. She testified she was able to identify only the appellant. He was the one she begged to desist from his behavior. She was not able to identify the others because of darkness.

About the time the attack had ended, police officers arrived on the scene in answer to a call by someone who had heard her scream for help. One of the officers testified that he found her escort lying in a pool of blood, and prosecutrix in a hysterical condition and under great shock. Her underclothing was lying about 25 feet from where she was sitting.

The appellant was arrested on August 8, 1954, after attempting to flee from the arresting officers. One of the officers testified that appellant was placed in a patrol wagon, and on the way to the police station admitted to the officer that he had intercourse with prosecutrix two times.

The defense of appellant was an alibi. On his trial he denied having been in the park on the night of the attack, and denied having molested prosecutrix in any way. He was the only witness who testified in his defense.

Appellant complains that the instructions of the court were highly technical and faulty, and beyond the ordinary comprehension of the average juror. We have read the instructions given and do not deem it necessary to set them out in this opinion. It is sufficient to say that they fairly and clearly presented the law of the case.

Appellant also complains that the court erred in failing to instruct the jury on the lesser offenses of assault and battery and detaining a woman, and also in failing to instruct on chronic intoxication. As we have said, the defense interposed was an alibi. That being true, it is inconceivable that appellant was entitled to an instruction on lesser degrees of the crime, especially since the rape was completed. Burnam v. Commonwealth, 289 Ky. 312, 158 S.W.2d 131, and cases cited therein.

Appellant did not, on his trial, claim drunkenness as a defense. He did testify that he told the officers that he had been drinking for three days. He also testified, "I have been drunk for about five months." Such a statement did not authorize the giving of an instruction on intoxication because there is nothing in the statement tending to show he claimed to have been so intoxicated that he did not realize what he might have done. Rhye v. Commonwealth, Ky., 263 S.W.2d 923.

Appellant contends it was error for the trial court to allow the Commonwealth's Attorney to read from a statement signed by him soon after his arrest, stating that he had intercourse with prosecutrix. It is noticed that the trial court refused to permit the Commonwealth to introduce the alleged confession, upon the ground that the person who received the alleged confession was not present to testify in court about it. However, the Commonwealth's Attorney was permitted to read from the alleged confession and to ask the appellant if he had made statements contained therein. Appellant admitted that he had signed the alleged confession. The Commonwealth used a legitimate method of trying to impeach the appellant in this manner, and this conten-

tion is without merit. Scott v. Commonwealth, 303 Ky. 473, 198 S.W.2d 53.

Appellant urges that the court restricted him in his effort to establish the general reputation of prosecutrix for untruthfulness and lack of chastity. The record fails to support him in this regard, and this contention is groundless.

 On December 6, 1954, appellant filed a written motion, supported by the affidavit of one of his attorneys, for a new trial and a request for two weeks additional time to submit other grounds in support of his motion. On December 15, the trial judge overruled the motion and request. The affidavit sets forth substantially that negotiations had been made with the prosecuting attorney, and an agreement reached, whereby appellant would plead guilty and receive a sentence of 15 years in the penitentiary, but on the morning of the trial appellant changed his mind and refused to go through with the agreement and decided to stand trial. Thus counsel, as he says, was caught unprepared and forced to try the case without proper preparation. The record fails to show he made any motion for a continuance at the time this occurred. The first time he complained of the situation in which he found himself was when appellant filed his motion for a new trial after the verdict was returned. The predicament of appellant was brought about solely by himself, and the judge was not asked to continue the case at the time the situation arose. There is no merit in this contention of appellant.

Next, he contends that the court should have set aside the judgment because, as the affidavit shows, his father became boisterously drunk in the courtroom just before the jury which tried him was selected, which was prejudicial to his substantial rights. But appellant did not say a word to the court about this incident until he filed his motion for a new trial. We think appellant waived his right to take advantage of this alleged occurrence by his failure to promptly and seasonably ask for a discharge of the jury. His failure to so bring such to the attention of the court must be construed as his consent to accept the situation as it existed and take his chances with the jury as constituted. Mullins v. Commonwealth, 258 Ky. 529, 80 S.W.2d 606; Wilson v. Commonwealth, 243 Ky. 333, 48 S.W.2d 3; Vinegar v. Commonwealth, 104 Ky. 106, 46 S.W. 510.

The next contention of appellant is that the statute under which he was convicted is unconstitutional in that it is "discriminatory." We fail to find anything discriminatory about it.

Finally, the verdict is in accordance with the law and evidence. We fail to find any error in the trial of the case which could be considered prejudicial, and, therefore, the judgment is affirmed.