Isaac STUMBO, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1957.

Tackett & Tackett, Joseph P. Tackett, Claude P. Stephens, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

Isaac Stumbo was charged with the willful murder of Frank Shepherd, whom he shot fatally on the afternoon of August 28, 1955. He was found guilty of voluntary manslaughter, and sentenced to 10 years in prison. On this appeal Stumbo contends that the evidence showed he acted in self-defense, and as a consequence his motion for a directed verdict should have been sustained. He contends further that the verdict was the result of passion and prejudice, aroused in part by the alleged inflammatory argument of the Commonwealth's Attorney.

August 28th was a Sunday. Stumbo and his friends had driven to a knoll near the Floyd-Magoffin County line to spend the afternoon playing stud poker. Frank Shepherd arrived after the game had been in progress for a while, and joined in it. A dispute soon arose between Shepherd and Stumbo over who had won a pot. Stumbo held the winning high card, but Shepherd asserted that he had been dealt six cards, and called a misdeal. Both men

drew their automatic pistols, but were dissuaded by their friends from further action. The pistols were turned over to bystanders for safekeeping, and the play was resumed.

A short while later the game broke up and the crowd dispersed. Stumbo and Shepherd got their pistols and started for their cars. Stumbo reached his automobile first, and was seated under the wheel, talking with Don Bartley, when Shepherd approached the car from Stumbo's right. Stumbo and Shepherd engaged in a brief conversation through the open window on the right of the car. As Shepherd backed away from the car, Stumbo picked up his pistol and fired six shots at Shepherd in rapid succession. All of the bullets entered Shepherd's body, ranging from the hip area to the upper chest region. Shepherd's pistol was found on the ground near his body shortly after he fell. Death was instantaneous.

■■ Stumbo's version of the shooting differed in two important respects from that given by the other witnesses. Stumbo testified that Shepherd, after uttering a lot of curses, said, " * * * we will settle this right now," and started to raise his arm into a shooting position. Don Bartley corroborated the substance of that conversation, but did not see a pistol in Shepherd's hand at any time prior to the shooting. The other witnesses said they did not see Shepherd draw his pistol. Two of them stated positively that Shepherd had not touched his weapon before Stumbo fired. Even if we accepted Stumbo's version of Shepherd's challenge as true, the jury could have found that the words did not constitute sufficient provocation for his subsequent actions. Furthermore, the jury could have believed that more force was employed by Stumbo than was reasonably necessary. Gooslin v. Commonwealth, 283 Ky. 665, 142 S.W.2d 989. Under the circumstances, it was not incumbent upon the jury to disregard the testimony of other witnesses, both negative and positive, and

accept Stumbo's uncorroborated statement that Shepherd had drawn his pistol before he began firing. The credibility of witnesses is a question for the jury, and if there is evidence to sustain a verdict, it will not be disturbed, because weighing competent evidence is within the province of the jury. The testimony of Cumine Joseph is attacked vigorously; but, without detailing her evidence, it will suffice to say that even if her entire testimony should be disregarded, ample evidence would remain to support the jury's verdict. The motion for a directed verdict was properly overruled.

■■ We fail to find merit in the contention that the closing argument of the Commonwealth's Attorney was so impassioned that the jury was prejudiced against Stumbo. A Commonwealth's Attorney may argue the evidence, heatedly or otherwise, so long as he does not go beyond the proper bounds of lawful and fair argument. Dramatic appeals, invective and vituperation have no place in closing arguments; and when they are indulged in by public prosecutors they may prejudice the minds of the jurors and thereby deny the accused his right to have his case decided by impartial men. Vigorous comment on the evidence pointing to an accused's guilt is proper so long as it is kept within the limits set by reason and a sense of fair play. East v. Commonwealth, 249 Ky. 46, 60 S. W.2d 137. Only two portions of the long argument of the Commonwealth's Attorney are cited as objectionable. The first was a plea that juries put teeth in their verdicts. The other was a Biblical reference which admonished the jury to stop bloodshed and enforce the law. Neither can be said to be so prejudicial as to warrant a reversal. The tenor of the entire argument was one of fairness and is exemplified by a statement found near the close of the argument:

" * * * and I am begging you to forget the lawyers in this case, forget the parties in the case and try it according to the law and the evidence."

We must not overlook the fact that Stumbo received only a 10 year sentence. See Mills v. Commonwealth, Ky., 300 S.W.2d 787, decided February 8, 1957.

Judgment affirmed.