**Donald Glenn HARTSOCK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

Francis D. Burke, Pikeville, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant was convicted of forgery and sentenced to imprisonment for two years. KRS 434.130(2).

Appellant predicates this appeal on these claims of error below: (1) lack of evidence corroborating the testimony of accomplices; (2) the failure to instruct the jury of the necessity for corroboration of the evidence of an accomplice; (3) the instruction given was improper, and (4) cumulative errors reflecting the failure to accord appellant a fair trial.

The appellant was jointly indicted with Douglas Yates and Walter Hall. The indictment charged that the three men uttered a forged check and thereby fraudulently obtained money from Wards Supply Company.

Yates and Hall testified for the Commonwealth. Each of them said that appellant had prepared the check and that he was to share with them the proceeds of it. It was shown in evidence that appellant was not present in the store when the check in issue was cashed. Appellant denied implicity in the transaction. According to the Commonwealth's theory, Yates and Hall were accomplices of the appellant. RCr 9.62 provides that a conviction cannot be had upon the testimony of an accomplice unless that evidence is corroborated by other evidence tending to connect the ac-

cused with the commission of the offense. Failing such corroborative evidence, it is the court's duty to direct a verdict of acquittal. The cited rule substantially embraces the long standing Kentucky rule enunciated in §§ 241 and 242 of the Criminal Code of Practice; decisions treating this problem as it frequently arose under the Criminal Code are authoritative as to RCr 9.62.

The corroborative testimony required must be of such nature and character to inspire belief in a reasonable and unprejudiced mind that it points toward guilt and links up with the principal fact under investigation. The corroborative testimony may be circumstantial and may include an admission or confession of the defendant on trial. The court will consider implications in a defendant's testimony which are inimical to his claim of innocence. Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609; Price v. Commonwealth, 296 Ky. 144, 176 S.W.2d 271; Scott v. Commonwealth, 303 Ky. 473, 198 S.W.2d 53; Tinsley v. Commonwealth, Ky., 273 S.W.2d 364, and cases therein discussed. In measuring whether the corroboration is adequate the evidence of the accomplice is eliminated. Hinton v. Commonwealth, 310 Ky. 435, 220 S.W.2d 1004.

Using these guidelines, we conclude that there was insufficient corroboration of the accomplices' evidence to warrant submission of the case to the jury. The accomplices testified that the appellant forged the checks involved and suggested the *modus operandi*. They said that he accompanied them into the Pikeville business section as they respectively set about to cash three checks entirely forged by appellant. Accomplice Hall related that appellant and accomplice Yates walked along the street with him until Hall entered the garage where Hall cashed the first check; then the three resumed their walking until accomplice Yates separated himself from them for the purpose of going to the store where Yates cashed the check upon which

the instant indictment is based. According to the accomplices, appellant and Hall were waiting for Yates to cash the check, after which the three were to divide the money and go to Ohio to obtain employment.

While Yates was thus separated from appellant and Hall a police officer arrested Hall. Appellant was with Hall when the officer made the arrest, but nothing was said or done by anyone at that time which indicated that appellant was involved in the criminal charge for which Hall was arrested.

Appellant testified that when Hall was arrested he, appellant, obtained a taxi to go to Town Mountain for some beer. As the taxi was crossing the Williamson bridge appellant saw accomplice Yates running from two police officers. The two officers commandeered the taxi to pursue Yates; appellant was still in the taxi during this pursuit. When Yates "started to the hills" the officers "got him and headed up the river." Appellant continued in the taxi to Pound, Virginia, and drank beer there. While he was on his way back to Pikeville he was arrested at Jenkins, Kentucky, pursuant to information telephoned to the Jenkins police from the Pikeville police. The Pikeville police had been informed by accomplices Yates and Hall that appellant was implicated in the check cashing scheme.

The appellant testified that Yates had a check already prepared and "asked me if I wanted to make some money, and right away I knew what he meant, and I said, 'No.'" He admitted that on more than one occasion the proposal had been made to him that the three of them should undertake to "make some money" through the use of forged checks. However, he stoutly maintained that he did not accede to the suggestions and did not know that Hall and Yates were actually intending to cash forged checks as he walked with them.

The Pikeville Chief of Police gave this answer when asked whether any money was "recovered" from either of the three men:

"The best I remember, we recovered the money from Mr. Hartsock and Mr. Yates." He did not say how much money was "recovered," nor how he identified it as being part of the proceeds obtained by cashing the forged checks. In fact, neither of the accomplices said that they had given appellant any money, although they declared that the plan was for a three-way split. Manifestly, Yates could not have given appellant any of the proceeds of the check involved in this case—he was arrested before he ever rejoined appellant.

In Commonwealth v. Truglio, Ky., 371 S.W.2d 648, there was evidence that the accused had been seen in the company of the accomplices about two hours before the crime was committed and that he was with them again about three hours later. In Luster and Smith v. Commonwealth, Ky., 333 S.W.2d 267, the accused was with the accomplice early in the evening on the night of the crime and slept that night at the accomplice's home. In each of the cited cases we said that the fact that the defendant was shown to have been with the accomplice shortly before and shortly after the crime—without more—was not sufficient corroboration. We see no circumstance in the case before us to warrant a different conclusion. If the corroborative evidence upon a new trial is no greater than at the instant trial, the court will direct a verdict of acquittal pursuant to RCr 9.62.

▇▇ What we have said makes it unnecessary to determine the other questions presented by appellant. However, in our consideration of the entire case we point out that we construe RCr 9.22, 9.54 and 10.12 as meaning that although it is not necessary to raise objection to the instructions at the time they are given, it is imperative that claimed errors in instructions, given or omitted, be presented to the trial court at some time, either by proper objection or by motion, and certainly no later than the motion for a new trial, before they may receive appellate review. RCr 10.12 is a counterpart of CR 59.06. The underlying principle of the rule is to afford an opportunity to the trial court, before or during the trial or hearing, to rule upon the question raised. Clay, CR 59.06, Comment 3. However, there is no counterpart for CR 51 in the Criminal Rules. Since appellant did not preserve the errors ascribed to the instructions given and omitted by any objection or motion, or in any other manner, we may not consider them. In the event of another trial it is unlikely that the asserted errors would recur.

The judgment is reversed for proceedings consistent with this opinion.

STEWART, J., dissenting.