**Wayne HATTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1966.

Rehearing Denied Jan. 20, 1967.

James F. Thomas, New Castle, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of storehouse breaking and his punishment fixed at two years in the penitentiary. The sole ground for reversal here presented is that the Commonwealth's proof was insufficient to warrant submission of the case to the jury.

Appellant did not move for a directed verdict or a peremptory instruction, nor did he move for a new trial. Since he failed to raise the question of the sufficiency of the evidence in the trial court, this claim of error is not properly before us on appeal. Hart v. Commonwealth, Ky., 296 S.W.2d 212.

In civil cases, a party waives the insufficiency of the evidence if he does not move for a directed verdict or a peremptory instruction during the course of the trial. Claspell v. Brown, Ky., 332 S.W.2d 851; Walker v. Bencini, Ky., 374 S.W.2d 368. In Claspell we held that the matter involved the propriety of instructions and applied CR 51, which requires an objection before the court instructs the jury.

In criminal cases, under RCr 9.54, objections to instructions are not necessary to preserve error. However, the policy of RCr 9.22 is to require a defendant in a criminal case, like a party in a civil case, *to present to the trial court* those questions of law which may become issues on appeal. The appellate court reviews for

errors, and a nonruling cannot be erroneous when the issue has not been presented to the trial court for decision. See Clay, Kentucky Practice, Vol. 7, CR 51, Comment 5. For this reason we have held that though a defendant in a criminal case need not object to instructions at the time they are given, any claimed errors therein must be called to the attention of the trial court at some time, and no later than the motion for a new trial. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861.

■ Whether or not we consider a motion for a directed verdict in the category of an instruction to the jury, a properly raised question of the sufficiency of evidence requires a ruling by the trial court, and the failure to present such issue at the trial level constitutes a waiver of that ground of appellate review. This is consistent with our long-established practice when the defendant fails to question the admission of incompetent evidence or other allegedly improper procedures during or pertaining to a criminal trial.

We have, however, examined the record and find the evidence sufficient. It shows that a local storehouse was broken into and several hams stolen. Shortly thereafter appellant sold a ham to one Wilson at about one-half the usual price. Wilson delivered the ham to a peace officer who testified that Wilson stated it was the ham purchased from appellant. It was identified as one of the stolen hams.

Some of the evidence was hearsay, but it was not objected to and had some probative value. Direct testimony of appellant's conduct tended to implicate him in the unlawful possession of the ham sold to Wilson. Appellant did not testify.

■ The direct and circumstantial evidence was amply sufficient to support the finding by the jury that appellant committed the crime for which he was charged.

The judgment is affirmed.