Robert Timothy ARNOLD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 25, 1968.

Frank Coryell, Wise, Eubanks, Gardner & Coryell, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Only Robert Timothy Arnold appeals from a judgment entered on a jury verdict after the joint trial of appellant and one David Randolph Bertram on charges of storehouse breaking (KRS 433.190) and safe breaking (KRS 433.130). Appellant received a one-year prison sentence on the first charge and a two-year sentence on the second.

The appellant complains that the trial court erred in (1) its instructions, (2) overruling his motion for a peremptory instruction for insufficient evidence to convict, (3) admitting incompetent evidence (a report by the Federal Bureau of Investigation, which hereinafter shall be referred to as F.B.I.), and (4) not allowing cross-examination of the police officer who introduced the F.B.I. report.

There was no request for separate trials.

On June 19, 1967, the office of Simmons College in Louisville was broken into, and a safe containing $80 in cash, various office supplies, and a $25 roll of postage

stamps were stolen. A detective of the Louisville Police Department received information from an undisclosed source that a safe was in the home of one James Kline. A search warrant was obtained, the execution of which revealed some insulation from a safe, two rolls of coins with "Simmons University" stamped thereon, and a $25 roll of postage stamps. Kline gave information that appellant and two others were involved in the crimes.

At the time codefendant Bertram was arrested, he signed a written confession in which he named appellant and others as participants in the crimes.

When appellant was arrested, he told about the same story as appears in Bertram's written confession according to the testimony of the arresting officer. Appellant also pointed out the parking lot where the safe was found. He denied all this on his trial. Appellant does not question the contention that appellant and Bertram were properly (as required by the Supreme Court) advised of their constitutional rights under the circumstances.

We now turn to appellant's argument for reversal. He first contends that the trial court should have instructed the jury not to consider any reference to appellant in Bertram's written confession. Appellant also argues that Bertram's written confession was incompetent as to appellant for the further reason it was not voluntarily given by Bertram. It is noted that no objection was made at the trial by the attorney for appellant to the introduction of Bertram's confession. Although Bertram's attorney did object, this was not sufficient to save the question for appellate review. 88 C.J.S. Trial § 132. In his motion and grounds for a new trial, appellant stated:

"The Court committed prejudicial error in not instructing on all the law of the case (i.e. failed to give an instruction to the jury not to consider the confession of defendant Bertram in determining the

guilt or innocence of the defendant, ROBERT ARNOLD).''

We hold that appellant's first argument is unmeritorious for the elementary reason that there was no valid objection to the introduction of Bertram's confession by appellant. RCr 9.22.

■ This court held in Hartsock v. Commonwealth, Ky., 382 S.W.2d 861, and in Hatton v. Commonwealth, Ky., 409 S.W.2d 818, that an objection to instructions may be saved if made not later than a motion and grounds for a new trial. RCr 9.54. Inasmuch as we are holding that there must be a distinction between objections to instructions and objections to evidence, we think it proper to point out the reasons that compel the distinction. First, it should be noted that under RCr 9.54 no objection to instructions is required at the time instructions are given to the jury. However this code provision has been construed in *Hartsock* and *Hatton*, supra, so that an erroneous instruction may be questioned on appeal if a proper objection is made with the trial court no later than in a motion and grounds for a new trial. The rule in *Hartsock* and *Hatton* has never been applied to objections to evidence. There may be hundreds of objections to evidence; whereas there seldom are more than two or three objections to instructions. It is imperative in orderly trial procedure that trial courts have the opportunity to suppress incompetent evidence. To this end RCr 9.22 was adopted. It provides:

"* * * [F]or all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, *makes known to the court the action which he desires the court to take or his objection to the action of the court,* and on request of the court his grounds therefor." (Emphasis ours.)

In this case the appellant simply attempted a belated objection to evidence already admitted, without objection, by requesting an instruction requiring the jury to exclude it from consideration. Where no objection to evidence is made during a trial, an attempted objection in motion and grounds for a new trial comes too late.

■ Appellant's second argument maintains that he was entitled to a peremptory instruction to find him not guilty.

Detective Alexander testified that appellant confessed to the crimes in "almost the same story" given by Bertram and that appellant pointed out the parking lot where the safe was found. Appellant denied all of this. But obviously the jury chose to believe the detective, which it had a right to do. A defendant's confession is probably the most probative and damaging evidence that can be admitted against him. Even the evidence of an eyewitness may be less reliable than the defendant's own confession. True Bertram's statement, though repudiated by him, was strong supporting evidence of appellant's confession if believed, and apparently it was believed.

■ Appellant's third and fourth grounds for reversal may be considered together. Complaint is made of the ruling of the trial court in admitting a report by the F.B.I.

This report contained the result of a test made by the F.B.I. on the shoes of Bertram, which disclosed that they contained vermiculite, a type of material used in insulation of safes. The report in no way mentioned appellant. On their joint trial, it was competent against Bertram. There was nothing in the report that tended to incriminate appellant. Hence no admonition was necessary. Furthermore, appellant did not object to the introduction of the report, although Bertram did by counsel.

The judgment is affirmed.

MONTGOMERY, C. J., and MILLIKEN, STEINFELD, PALMORE and WILLIAMS, J., concur.

OSBORNE, J., not sitting.